UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



DONALD NIXON, on behalf of himself and all others similarly situated,

    Plaintiffs,

-against-

SHOP MA, INC.,

    Defendant.

Case No. 1:19-cv-07809-GBD

## CONSENT DECREE

1. This Consent Decree is entered into as of the Effective Date, as defined below in Paragraph 11, by and between the following parties: Plaintiff Donald Nixon ("Plaintiff"), and Defendant Shop Ma, Inc. ("Defendant") (Plaintiff and Defendant shall hereinafter be collectively referred to as the "Parties" and individually as a "Party" for the purposes and on the terms specified herein).

## RECITALS

2. Title III of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12181 - 12189 ("ADA") and its implementing regulation, 28 C.F.R. pt. 36, prohibit discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation by any private entity that owns, leases (or leases to), or operates any place of public accommodation. 42 U.S.C. § 12182(a); 28 C.F.R. § 36.201(a).

3. On August 20, 2019, Plaintiff filed this putative class action lawsuit on behalf of himself and all others similarly situated against Defendant (the "Action"). Plaintiff alleged that Defendant's website directed at consumers, which can be accessed by U.S. based consumers through the use of the domain name https://www.shop.com (the "Website", as further defined in

Paragraph 14), contains barriers that prevent full and equal use by blind persons in violation of Title III of the Americans With Disabilities Act of 1990, 42 U.S.C. § 12181 *et seq.* ("ADA"), the New York State Human Rights Law, N.Y. Exec. Law § 292 *et seq.* ("NYSHRL"), New York State Civil Rights Law, N.Y. CLS Civ. R. § 40 *et seq.* ("NYSCRL"), and New York City Human Rights Law, N.Y.C. Admin. Code § 8-102 *et seq.* ("NYCHRL").

4. Defendant expressly denies that the Website violates Title III of the ADA, NYSHRL, NYSCRL, NYCHRL, or any other applicable federal or state or local law, rule, regulation or statute. By entry into this Consent Decree, Defendant does not acknowledge or admit any violation of any law or any wrongdoing of any kind in any respect.

5. This Consent Decree resolves, settles, and compromises all issues between the Parties based on the allegations set forth in Plaintiff's Complaint (the "Complaint") and those claims or issues which arise from such allegations.

6. This Consent Decree is entered into by Plaintiff, individually, prior to a determination on class certification. Therefore, notice to the putative class of this Consent Decree is not required under Fed. R. Civ. P. 23(e) nor appropriate.

## JURISDICTION

7. Plaintiff alleges that Defendant is a private entity that owns and/or operates, or has contracts to operate or develop, the Website which is available through the internet to personal computers, laptops, mobile devices, tablets, and other similar technology. Plaintiff contends that the Website is a sales and service establishment whose operations affect commerce and a public accommodation subject to Title III of the ADA. 42 U.S.C §12181(7); 12182(a); 28 C.F.R. §§ 36.104, 36.201(a). Defendant denies that the Website is a public accommodation or a place of public accommodation or is otherwise subject to Title III of the ADA.

8. Plaintiff is suing on his own behalf, and on behalf of all other individuals similarly situated as an aggrieved person pursuant to 42 U.SC. § 12188(b)(2)(b).

9.  This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 42 U.S.C. § 12188. The Parties agree that venue is appropriate.

**AGREED RESOLUTION**

10.  Plaintiff and Defendant agree that it is in the Parties' best interest to resolve this Action on mutually agreeable terms without further litigation. Accordingly, the Parties agree to the entry of this Consent Decree without trial or further adjudication of any issues of fact or law raised in the Complaint.

In resolution of this action, the Parties hereby AGREE to and the Court expressly APPROVES, ENTERS, AND ORDERS the following:

**DEFINITIONS**

11.  "Effective Date" means the date on which this Consent Decree is entered on the Court's Docket Sheet following approval by the Court.

12.  "Person(s) with a visual impairment" means any person who has a visual impairment who meets the legal definition of blindness in that they have a visual acuity with correction of less than or equal to 20 x 200.

13.  "Reasonable Efforts" means, with respect to a given goal or obligation, the commercially reasonable efforts that a reasonable person in Defendant's position would use to achieve that goal or obligation and with respect to Defendant's Website (as defined below) shall mean commercially reasonable efforts to improve the existing level of accessibility of the Website to Persons with a visual impairment by using the Worldwide Web Consortium's Web Content Accessibility Guidelines WCAG 2.1 Level AA Success Criteria (as defined therein) ("WCAG 2.1 AA") as a guideline to make such improvements. Any disagreement by the Parties as to whether Defendant has used Reasonable Efforts as provided for under this Consent Decree shall be subject to the dispute resolution procedures and this Court's enforcement powers set forth in this Consent Decree. Reasonable Efforts shall be interpreted so as not to require

#9134546 v2 \027997 \0001

-3-

Defendant to undertake efforts whose cost, difficulty or impact on Defendant or its affiliates' Website-related operations would constitute an undue burden, as defined in Title III of the ADA but as applied to Defendant's consumer focused merchandise-selling Website-related operations, or would otherwise require efforts that are virtually impossible, are not commercially reasonable, readily achievable or technically feasible or constitute a fundamental alteration of the Website's features or primary use.

14. The Website, as initially defined in Paragraph 3 above, means the U.S. portion of the eCommerce webpages thereof owned and/or operated by or on behalf of Defendant that allow consumers to obtain information about Defendant's products and services and purchase products on-line for delivery to their homes or places of business in some geographic areas. The term "Website" does not include any mobile applications or Third-Party Content (as defined below), nor does it apply to any portions of the Website directed at business users or Defendant's business partners, or those designated for internal use by Defendant or its affiliates or to websites not owned, operated, coded, managed or controlled by Defendant but that are linked from or to the Website or its mobile applications.

15. "Third-Party Content" means web content that is generated by a third party and not owned, coded, managed, operated by or on behalf of Defendant, or hosted on the Website.

## TERM

16. The term of this Consent Decree shall commence as of the Effective Date and remain in effect for thirty-six (36) months from the Effective Date.

## COMPLIANCE WITH TITLE III OF THE ADA AND RELATED LAWS

17. Web Accessibility Conformance Timeline: Defendant shall use Reasonable Efforts to improve the existing level of accessibility of the Website to Persons with a visual impairment by no later than thirty-six (36) months from the Effective Date (hereinafter, the

"Compliance Date"; the period from the Effective Date to the Compliance Date shall be the "Modification Period").

18. Plaintiff's Right to Conduct Compliance Audit: Plaintiff (through Plaintiff's counsel) shall have the right to perform, at Plaintiff's own cost, Plaintiff's own accessibility testing of the Website. Plaintiff (through Plaintiff's counsel) shall have thirty (30) days from the end of the Modification Period to identify to Defendant in writing any ways in which Plaintiff reasonably believes and contends that Defendant has not substantially complied with its obligations under Paragraphs 13 and 17. Such written notice shall specify in detail the alleged breach and the reason why Plaintiff believes that Defendant has not substantially complied with its obligations under Paragraphs 13 and 17. If Plaintiff does not raise any issues in writing within the applicable 30-day time frame, Plaintiff will be deemed to have waived any and all remaining rights to challenge the accessibility of the Website. If Plaintiff raises any purported failure(s) of Defendant to substantially comply with its obligations under Paragraphs 13 and 17 in writing within the permitted 30-day window provided above, the Parties (through their respective counsel) shall meet and confer within sixty (60) days thereafter in good faith to determine a resolution of the issue(s); provided, however, that Plaintiff acknowledges and waive any and all rights that Plaintiff may otherwise have to recover from Defendant any damages, attorneys' or experts' fees, costs, expenses, or disbursements of any kind related to any such activity.

### SPECIFIC RELIEF TO PLAINTIFF

19. Specific Relief: Plaintiff and Defendant have agreed to settle all matters relating to costs, damages, attorneys' fees, experts' fees, and other financial matters relating to any alleged inaccessibility of the Website through a separate confidential settlement agreement (the "Settlement Agreement"), the terms of which regarding changes to Defendant's Website are consistent with this Consent Decree.

### PROCEDURES IN THE EVENT OF DISPUTES

20. The procedures set forth in Paragraphs 18 and 20 through 25 must be exhausted in the event that (i) Plaintiff alleges that Defendant has failed to meet its obligations pursuant to this Consent Decree or (ii) Defendant alleges that there is a criteria of WCAG 2.1 AA with which they cannot substantially comply as set forth herein. There will be no breach of this Consent Decree by Defendant in connection with such allegations until the following procedures have been exhausted.

21. If a Party believes that the other Party hereto has not complied in all material respects with any provision of the Consent Decree, that Party shall provide the other Party with written notice of non-compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that is not being complied with in all material respects; (iii) a statement of the remedial action sought by the initiating party; and (iv) a reasonably detailed statement of the specific facts, circumstances and legal argument supporting the position of the initiating party (the "Notice of Non-Compliance"). Plaintiff will notify Defendant in writing after the dates for its compliance set forth herein if Plaintiff believes that the Website is in any way not compliant with this Consent Decree. Defendant will notify Plaintiff in writing if it believes there is a criteria of this Consent Decree with which they cannot substantially comply hereunder. All notifications must include reasonable detail and shall be made in the manner set forth in Paragraphs 18 and 33. Plaintiff waives any and all rights that he may otherwise have to recover from Defendant any damages, attorneys' fees, experts' fees, costs, expenses, or disbursements of any kind related to any Notice of Non-Compliance and related activities.

22. Within thirty (30) days of either Party receiving Notice of Non-Compliance as described in Paragraph 21, the other Party will respond in writing to the notice. Within fifteen (15) days of receipt of the response, the Parties will meet by telephone, or in person, in an attempt to informally resolve the issue.

23. If the issue remains unresolved within thirty (30) days of the meeting referenced in Paragraph 22, the Parties will each have an additional thirty (30) days to select an expert and the two experts will mutually select an independent accessibility consultant with substantial experience in accessible website design who will evaluate the particular item(s) raised based on whether those item(s) of the Website are in substantial conformance with Defendant's obligations under Paragraphs 17 above.

24. There will be no breach of this Consent Decree unless (a) the independent accessibility consultant determines that the particular item(s) of the Website are not in substantial conformance with Defendant's obligations under Paragraph 17 above and (b) Defendant fails to remedy the issue within a reasonable period of time of not less than ninety (90) days after receiving the independent accessibility consultant's written opinion. If the accessibility consultant believes that a reasonable time using Reasonable Efforts to remedy the items found not to be in substantial compliance is longer than ninety (90) days, then the Parties may agree on a longer time period without leave of Court so long as the extension is documented in writing and executed by the Parties to this Agreement or their respective counsel. If the accessibility consultant finds that a particular item found not to be in substantial compliance cannot be remedied using Reasonable Efforts, Defendant shall not be obligated to remedy that item.

25. The determination and award of the independent accessibility consultant will be enforceable in this Court. All costs related to the independent accessibility consultant shall be borne equally by the Parties. Each Party shall bear their own costs, expenses, attorney fees and expert fees in connection with the determination and award of the independent accessibility consultant.

26. Should the Parties thereafter have a dispute regarding an issue raised in a notice given under Paragraph 21 after the procedures in Paragraphs 22 through 25 have been exhausted,

the dispute shall be handled pursuant to the procedures set forth in Paragraphs 27 through 31 below.

27. If a Party believes that any other Party has not complied with any provision of the Consent Decree, that Party shall provide the other Party with Notice of Non-Compliance containing the following information: (i) the alleged act of non-compliance; (ii) a reference to the specific provision(s) of the Consent Decree that are involved; (iii) a statement of the remedial action sought by the initiating party; and (iv) a brief statement of the specific facts, circumstances and legal argument supporting the position of the initiating party.

28. Within forty-five (45) days of receipt of a Notice pursuant to Paragraph 27, the non-initiating Party shall respond to the initiating Party in writing.

29. Within fourteen (14) days after the response described in Paragraph 28, the Parties shall informally meet and confer and attempt to resolve the issues raised in the Notice.

30. If the matters raised in a Notice provided pursuant to the above are not resolved within forty-five (45) days of the initial meet and confer required by Paragraph 29, either Party may submit the unresolved matters to nonbinding mediation before a mediator chosen by the Parties. If the designated mediator is unable to serve as mediator or the Parties cannot agree to a mediator, then a mediator affiliated with Judicial Arbitration & Mediation Services ("JAMS") shall be appointed. All costs of any mediation shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any mediation.

31. If the dispute is not resolved in mediation, the Parties then will submit the matter for binding arbitration before a single arbitrator affiliated with JAMS. The arbitration hearing shall be conducted at a mutually convenient location and pursuant to JAMS Streamlined Arbitration Rules and Procedures. Those Rules will be modified as necessary to ensure that the hearing is held as soon as practicable after the submission to arbitration, and that a written decision on the matter is rendered within sixty (60) days of the last hearing date with each Party

#9134546 v2 \027997 \0001

to bear their own fees and costs. The award of the arbitrator will be enforceable in this Court. All costs of any arbitration shall be borne equally by the Parties. Each Party shall bear their own attorney fees and expert fees in connection with any arbitration.

32. Any of the time periods set forth in Paragraphs 20 through 31 may be extended by a written agreement signed by all of the Parties.

33. Any notice or communication required or permitted to be given to the Parties hereunder shall be given in writing by e-mail or facsimile and by overnight express mail, addressed as follows:

| | |
|---|---|
| For PLAINTIFF: | Jonathan Shalom, Esq.<br>SHALOM LAW, PLLC<br>105-13 Metropolitan Avenue<br>Kew Gardens, NY 11415<br>Phone: (718) 971-9474<br>Fax: (718) 865-0943<br>jshalom@jonathanshalomlaw.com |
| For DEFENDANT: | Fred H. Perkins, Esq.<br>Morrison Cohen LLP<br>909 Third Avenue<br>New York, New York 10022<br>Phone: 212-735-8647<br>Fax: 917-522-3147<br>Email: Fhperkins@Morrisoncohen.com |

## MODIFICATION

34. No modification of this Consent Decree shall be effective unless in writing and signed by authorized representatives of all Parties.

## ENFORCEMENT AND OTHER PROVISIONS

35. The interpretation and enforcement of this Consent Decree shall be governed by the laws of the State of New York. This Court shall retain jurisdiction over this matter for purposes of enforcement of this Consent Decree in accordance with its terms.

36. This Consent Decree contains the entire agreement of the Plaintiff and the Defendant concerning the subject matter described in Paragraph 3, other than the terms of the

Settlement Agreement, and no other statement, promise, or agreement, either written or oral, made by any party or agent of any Party, that is not contained in this Consent Decree, and concerns the subject matter described in Paragraph 3, shall be enforceable, other than the Settlement Agreement.

37. If any provision of this Consent Decree is determined to be invalid, unenforceable, or otherwise contrary to applicable law, such provision shall be deemed restated to reflect as nearly as possible and to the fullest extent permitted by applicable law its original intent and shall not, in any event, affect any other provisions, all of which shall remain valid and enforceable to the fullest extent permitted by applicable law.

## PERSONS BOUND AND INTENDED THIRD-PARTY BENEFICIARIES

38. This Consent Decree shall be binding on the Parties and their respective heirs, executors, administrators, personal or legal representatives, successors and assigns. In the event that Defendant seeks to transfer or assign all or part of its interest in any service covered by this Consent Decree, and the successor or assign intends on carrying on the same or similar use of the Website or online services, then the successor or assignee shall be solely responsible for its respective obligations remaining under this Consent Decree for the duration of the remaining term of the Consent Decree.

39. The Parties to this Consent Decree expressly intend and agree that this Consent Decree shall inure to the benefit of any and all persons with a visual impairment who seek to access the Website – whether under the ADA, NYSHRL, NYSCRL, NYCHRL, California's Unruh Civil Rights Act, California Civil Code § 51 et seq., and/or any other federal or state law, rule or regulation, which visually-impaired persons shall constitute third-party beneficiaries to this Consent Decree to the maximum extent provided by law. Such third-party beneficiaries shall be entitled to enforce the provisions of this Consent Decree against Defendant and enforce the dispute resolution provisions herein, regardless of where they reside in the United States.

40. Plaintiff and Defendant agree that, as of the date of entry of this Consent Decree, litigation is not "reasonably foreseeable" concerning the matters described herein and alleged in the Complaint. To the extent that any of the Parties previously implemented a litigation hold to preserve documents, electronically stored information, or things related to the matters described in Paragraph 3, such Party is no longer required to maintain such a litigation hold. Nothing in this paragraph relieves any Party of any other obligations imposed by this Consent Decree.

41. The signatories represent that they have the authority to bind the respective Parties to this Consent Decree.

## CONSENT DECREE HAS BEEN READ

42. This Consent Decree has been carefully read by each of the Parties, and its contents are known and understood by each of the Parties. This Consent Decree is signed freely by each party executing it. The Parties each had an opportunity to consult with their counsel prior to executing the Consent Decree.

Agreed to and Consented to:

Dated: 1-21-2020

_____
DONALD NIXON

Dated: 1-28-2020

SHOP MA, INC.
By: _____
Its: PRESIDENT | COO

APPROVED AS TO FORM AND CONTENT:

Dated: __1-21-2020__   SHALOM LAW, PLLC

By: _____
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Kew Gardens, NY 11415
Phone: (718) 971-9474
Fax: (718) 865-0943
jshalom@jonathanshalomlaw.com
Attorneys for Donald Nixon

Dated: _____   MORRISON COHEN LLP

By: _____
Fred H. Perkins, Esq.
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Fax: (917) 522-3147
Email: Fhperkins@morrisoncohen.com
Attorneys for Defendant

SO ORDERED:   JAN 3 0 2020

_____
George B. Daniels
U.S.D.J.

APPROVED AS TO FORM AND CONTENT:

Dated: _____

SHALOM LAW, PLLC

By: _____
Jonathan Shalom, Esq.
105-13 Metropolitan Avenue
Kew Gardens, NY 11415
Phone: (718) 971-9474
Fax: (718) 865-0943
jshalom@jonathanshalomlaw.com
Attorneys for Donald Nixon

Dated: 1/28/2020

MORRISON COHEN LLP

By: _____ /AHS
Fred H. Perkins, Esq.
909 Third Avenue
New York, New York 10022
Phone: (212) 735-8600
Fax: (917) 522-3147
Email: Fhperkins@morrisoncohen.com
Attorneys for Defendant

SO ORDERED:

_George B Daniels_   JAN 3 0 2020
U.S.D.J.